Josiah English III (#T337357)
Name and Prisoner/Booking Number

Maricopa County Jail (Lower Buckeye Jail)
Place of Confinement

3250 W. Lower Buckeye Road
Mailing Address

Phoenix, Arizona 85009
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

*Count I (pages 3 to 3.5)
*Count II (page 4)
*Count III (page 5)
*Count 4 (page 5.1)
*Declaratory and Injunctive relief requested (page 6)

*Exhibit A (3 pages)
*Exhibit B (2 pages)
*Exhibit C (4 pages)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

Josiah English III
(Full Name of Plaintiff)

Plaintiff,

v.

(1) A. Cost
(Full Name of Defendant) (In his individual and official capacities)

(2) Paul Penzone (sheriff)
(In his individual and official capacities)

(3) J. Munnell #B0797
(In her individual and official capacities)

(4) J. Cline # B3662
(In his individual and official capacities)
Defendant(s).

☑ Check if there are additional Defendants and attach page 1-A listing them.

FILED ___ LODGED
RECEIVED ___ COPY

OCT 16 2019

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

CASE NO. CV-19-04746-PHX-GMS(JZB)
(To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT**
**BY A PRISONER**
Jury Trial Demanded

☐ Original Complaint
☒ First Amended Complaint
☐ Second Amended Complaint

## A. JURISDICTION

1. This Court has jurisdiction over this action pursuant to:
   ☒ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
   ☐ 28 U.S.C. § 1331; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).
   ☐ Other: _____.

2. Institution/city where violation occurred: Phoenix /Maricopa County Arizona .

## B.  DEFENDANTS

| Damages Requested |

1.  Name of first Defendant: _A. Cost_. The first Defendant is employed as: _a Sergeant_ at _Maricopa County Sheriff's office_.
(Position and Title)  (Institution)
→ $100,000.⁰⁰ punitive and $100,000.⁰⁰ compensatory

2.  Name of second Defendant: _Paul Penzone_. The second Defendant is employed as: _Sheriff_ at _Maricopa County Sheriff's office_.
(Position and Title)  (Institution)
→ $100,000.⁰⁰ punitive and $100,000.⁰⁰ compensatory

3.  Name of third Defendant: _J. Munnell #B0797_. The third Defendant is employed as: _a Sergeant_ at _Maricopa County Sheriff's office_.
(Position and Title)  (Institution)
→ $100,000.⁰⁰ punitive and $100,000.⁰⁰ compensatory

4.  Name of fourth Defendant: _J. Cline # 83662_. The fourth Defendant is employed as: _a Detention officer_ at _Maricopa County Sheriff's office_.
(Position and Title)  (Institution)
$100,000.⁰⁰ punitive and $100,000.⁰⁰ compensatory
★Additional Defendants listed on page 2.1 →

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?  ☑ Yes   ☐ No

2.  If yes, how many lawsuits have you filed? _6_. Describe the previous lawsuits:

a.  First prior lawsuit:
1.  Parties: _Josiah English III_ v. _Theodore Campagnolo et. al._
2.  Court and case number: _U.S. District Court of Arizona /CV-17-0322/-PHX-GMS(JZB)_.
3.  Result: (Was the case dismissed? Was it appealed? Is it still pending?) _Civil Rights violations/ Filed on September 18th 2017/ currently pending in The Supreme Court of The United States / Case # 19-5557 / Petition For Writ of Certiorari_

b.  Second prior lawsuit:
1.  Parties: _Josiah English III_ v. _Dee Ann Gillespie Strub, et. al._
2.  Court and case number: _Maricopa County Superior Court /Case #CV2018-001720_
3.  Result: (Was the case dismissed? Was it appealed? Is it still pending?) _Defamation of Character/ Filed on January 31st 2018 / This case is still pending_.

c.  Third prior lawsuit:
1.  Parties: _Josiah English III et. al._ v. _Marci Kratter et. al._
2.  Court and case number: _Maricopa County Superior Court /Case # CV2019-000906_.
3.  Result: (Was the case dismissed? Was it appealed? Is it still pending?) _Legal Malpractice/ Filed January 16th 2019 / This case is still pending_.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

★ Previous Lawsuits continued on page 2.1 →

2

Case # 2:19-CV-04746-GMS--JZB

List of Defendants continued

**5** The name of Defendant number five is R. Guerriero. She is employed as a Detention Officer at the Maricopa County Sheriff's office. R. Guierrero is sued in her individual and official capacities. ($100,000.00 punitive and $100,000.00 compensatory)

**6** Maricopa County

**7** Defendant number seven is unidentified Detention Officer # 1, who is employed as a Detention officer at the Maricopa County Sheriff's office, and is sued in his individual and official capacities. ($100,000.00 punitive and $100,000.00 compensatory)

Previous Lawsuits Continued →

**d.** Fourth prior lawsuit: Josiah English III v. Sergeant House, et.al./U.S. District Court of Arizona/Case # CV-19-01087-PHX-GMS (JZB)/Civil Rights Violations/Filed on February 14th 2019/ This case is still pending.

**e.** Fifth prior lawsuit: Josiah English III v. Tyler J. Kipper, et. al./Maricopa County Superior Court/Case # CV2019-003796/Civil Rights Violations/Filed on January 31st 2019/ This case is in the Arizona Court of Appeals - Division One.

**f.** Sixth prior lawsuit: English v. Ramirez/Maricopa County Superior Court/Case # CV2019-003943/Conversion/ Filed on June 11th 2019/This case is still pending.   (2.1)

## D. CAUSE OF ACTION

### COUNT I

1. State the constitutional or other federal civil right that was violated: _1st Amendment to The Constitution of The United States_.

2. **Count I.** Identify the issue involved. Check **only one**. State additional issues in separate counts.
   - ☐ Basic necessities   ☑ Mail   ☐ Access to the court   ☐ Medical care
   - ☐ Disciplinary proceedings   ☐ Property   ☐ Exercise of religion   ☐ Retaliation
   - ☐ Excessive force by an officer   ☐ Threat to safety   ☑ Other: _Violation of the Attorney-Client privilege._ "Campaign of Harassment"

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count I. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   On July 13th 2017 Detention officers R. Guerriero (female) and J. Cline (male) here in the Lower Buckeye Jail (on second shift) delivered an envelope to my cell door that had already been opened outside of my presence and then taped back together. I am a pretrial detainee. My cell at that time was located on the second tier. The envelope in question was clearly marked as "Legal Mail" and it was mailed to me by my Attorney Brian Strickman, who represented me at that time in the Juvenile Court case regarding the interests of my son and my daughter. Attorney Strickman mailed the envelope to me from his office here in Phoenix, Arizona. Officials in this jail wrote some numbers and letters and scratched out some numbers and letters (in pen), on the face of the envelope. Please see three pictures (front and back) of the envelope, attached to this complaint as [Exhibit A]. Detainees in this jail can not purchase pens on commissary and we are only allowed to have pencils. Attorney Strickman mailed this envelope to me on July 6th 2017 and I received it at my cell door on July 13th 2017. Accompanied by Detention officer J. Cline, Detention officer R. Guerriero opened the trap door of my cell door and opened the top part of the envelope (the adhesive part). Officer Guerriero handed me the envelope,

   *continued on page 3.1→

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

   The improper opening of my envelope, clearly marked as "Legal Mail" has chilled my right to privately confer with my Attorneys, and to freely communicate with my Attorneys through the mail. I am reluctant to speak freely to my Attorneys in my Juvenile Court Case or my Criminal Case, in writing through the mail, because MCSO officials may unlawfully open my legal mail and further infiltrate my legal positions in court. My Attorney-client communications have been fully divulged and violated. MCSO has treated me with deliberate indifference.

5. **Administrative Remedies:**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?   ☑ Yes   ☐ No
   b. Did you submit a request for administrative relief on Count I?   ☑ Yes   ☐ No
   c. Did you appeal your request for relief on Count I to the highest level?   ☑ Yes   ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

   _____.

3

Case# 2:19-cv-04746-GMS--JZB

[Count I Continued]

She quickly closed the trap, and her and officer Cline
walked away. I immediately noticed that my legal mail had
already been opened (outside of my presence), on the left
side of the envelope, by being torn open, and then someone
had put some scotchtape over that part that had been
torn open. Detainees can not purchase tape on commissary, and
we do not have access to clear scotchtape, such as the
kind that was on the envelope. I then quickly yelled out
through my cell door that my legal mail had already been opened,
and I asked officers Guerriero and Cline to please come
back. I could see officers Guerriero and Cline walking down
the stairs, and they both looked up at me, then ignored me
and kept walking. I shouted loud enough that I am
certain that they could both hear me. I immediately
pressed the intercom button and told the officer in the
tower that my legal mail had already been opened before the
officers brought it to me. He did not do anything about it and
said that they would be back for another walk. The Detention
officers do walks every twenty minutes. Approximately twenty
minutes later, officers Guerriero and Cline came back to the pod
for another walk. When officers Guerriero and Cline got to my door I
spoke to them again. I told officer Guerriero that my legal mail envelope
had already been opened outside of my presence before she gave it to me
and that I had called out for them to come back, but they did not
respond. Neither of them responded to that statement. I asked officer
Guerriero if she could see that my envelope had already (3.1)

Case # 2: 19-CV-04746-GMS--JZB

[Court I Continued]

been opened and taped up on the side. She told me "I can see that it has tape on it". She also admitted that she could see that my envelope had been opened from the side, and that she could see letters, numbers, and scratch marks written in pen on the envelope. I asked officer Guerriero for her name and she said "for what?". I told her because she is a witness. She then turned to her right so that I could not see her name tag, but I was able to see her name tag before she left. My cell mate at that time was a witness to this entire incident. The envelope in question contained privileged communications between my Attorney Brian Strickman and I, including a letter that he wrote to me which discussed our Juvenile case regarding the interests of my two children, and elements of the accusations that are still currently pending against me in the criminal court. Also contained in that envelope were numerous legal documents that are pertinent to my case. Because my Attorney-Client Privilege has been completely eviscerated by officials in this Lower Buckeye Jail, over the last two years and eight months that I have been detained here, I have every reason to beleive that the officials who opened my legal mail envelope in question, made copies of all of its contents, read my legal mail and then sent copies of all of these protected communications over to the Maricopa County Attorney's Office (the people who are prosecuting my criminal case), Maricopa County Superior Court Case # CR2017-105183-001 so that they could also take part in the violations of my Attorney-Client Privilege. I contend that the rip, and subsequent scotch-tape applied to that left side of my Legal Mail envelope   (3.2)

Case #: 2:19-CV-04746-GMS--J2B

Count I continued

was so obvious, that no reasonable Detention Officer could
have missed it. This was the only article of mail that officers
Guerriero and Cline delivered to me that day. I contend
that officers Guerriero and Cline knew, or should have
known that my Legal Mail envelope had been opened
before it was delivered to me at my cell door that day, and
that they had a duty to investigate this matter, and
because they failed to investigate the matter, they
demonstrated blatant disregard for my Attorney —
Client privilege, protected under the 1st Amendment to
The U.S. Constitution. Please see Merriweather V. Zamora,
569 F.3d 307 (2009) (U.S. 6th Circuit) at *317 "we noted that opening
a prisoner's mail in an " 'arbitrary' or 'capricious' fashion" violates
the First Amendment". "Finally, it has been clear in this circuit
for sixteen years that "blatant disregard" for mail handling regulations
concerning legal mail violates constitutional protections." "Two or three
pieces of mail opened in an arbitrary or capricious way suffice to
State a claim." Maricopa County Sheriff's Office DK-1 Policy, at
2 (A) on page 4, states "Legal mail will only be opened in the
inmate's presence", and at 5 (B) on page 5 states "Personnel
may only read an inmate's legal mail after obtaining a search
warrant." Please see pages 4 and 5 of the MCSO DK-1
policy attached as Exhibit B. Also see, Peterson v. Arpaio, No.
CV04-2276-PHX-SMM-LOA, 2006 WL 3736060, at *4
(D. Ariz. Nov. 21, 2006) "Prisoners have a constitutional right to have their
legal mail delivered to them uncensored and unread." I respectfully
contend that even a single instance of improper opening or (3.3)

Case #2:19-CV-04746-GMS--JZB

[Count I Continued]

improper reading of a prisoner's legal mail can give rise to a constitutional violation. Please see Nordstrom V. Ryan, 762 F.3d 903 (2014) (U.S. 9th Circuit Court of Appeals). I also contend that the unlawful opening of my Legal Mail envelope has chilled my right to privately confer with my Attorney, and to freely communicate with my Attorney, protected under the 1st Amendment. Please see Merriweather V. Zamora, 569 F.3d 307, 317 (6th Cir. 2009) "opening properly marked legal mail alone... implicates both the First and Sixth Amendments because of the potential for a 'chilling effect'". Also see Nordstrom V. Ryan, 762 F.3d 903 (2014) at [14] "... his right to privately confer with counsel has been chilled." I also respectfully contend that this is not an isolated incident. This is a pattern and practice of conduct that continues to be carried out by officials in the Maricopa County Sheriff's office, against me and other detainees. In a Minute Entry filed on March 11th 2019, in Maricopa County Superior Court Case# CR2016-148530-002 DT, a Superior Court Judge ruled that officials in the Maricopa County Jail had repeatedly interfered with a Defendant's right to counsel (a pretrial detainee), by repeatedly opening, tampering with, copying, and reading his legal mail, in a case in which he represents himself. Please see pages 1, 2, 7, and 8 of that Ruling attached as [Exhibit C]. There are more instances where officials in this Maricopa County Jail have improperly opened my clearly marked Legal Mail outside of my presence, and have unlawfully read my legal mail. However I can not fit all of those counts into this Complaint because     (3.4)

case# 2:19-cv-04746-GMS--J2B
[Count I continued]

I am limited on the number of pages that I can attach
to this complaint. So I will have to articulate these other
constitutional violations in a seperate Civil Rights complaint.
I allege that Maricopa County Sheriff Paul Penzone bears
personal liability with regard to all claims made in Count I,
because as Sheriff of the County he is the policy maker, and
it is his policy, custom, or practice of blatantly opening a detainee's
mail that is clearly marked "Legal Mail", outside of the presence
of the detainee, that has caused my constitutional injuries
articulated in this complaint. I also allege that Maricopa County
bears responsibility with regard to all claims made in Count I,
because Maricopa County Sheriff Paul Penzone is a policymaker
whose decisions and acts represent Maricopa County policy, and
the constitutional injuries that I suffered are the result
of Paul Penzone's and Maricopa County's unconstitutional
policies, practices, and training that carry the force of law.
This is a 1st Amendment claim, I am not making any
6th Amendment claims with regard to Count I. I also
contend that if my case is dismissed, it should not be dismissed
with prejudice, because the constitutional deprivations that
I have been subjected to by the Maricopa County Sheriff's
office are flagrant, and they are constant. Many of the
officials in this Lower Buckeye Jail treat us like they can
do whatever they want to us while we are detained
here, and no one is going to do anything about it. I
merely seek to uphold my constitutional rights. Without
Federal intervention, these flagrant violations will continue (3.5)

**COUNT II**

1. State the constitutional or other federal civil right that was violated: _1st Amendment to The Constitution of The United States_.

2. **Count II.** Identify the issue involved. Check **only one**. State additional issues in separate counts.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☑ Other: _Violation of the Attorney–Client Privilege._
   
   \\ Campaign of Harassment \\

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count II. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   Maricopa County Jail  (male)
   On November 1st 2017 (here in the Lower Buckeye Jail) MCSO Sergeant A. Cost put me and my cell-mate in the recreation yard while he and Sergeant J. Munnell (female) searched our cell. When I asked Sergeant Cost if I could stand close by and watch them while they searched through my legal papers, he told me "no". This was around 3:00 p.m. and my cell was located on the second tier. Sergeant A. Cost and Sergeant J. Munnell went into my cell and searched through every legal folder and envelope that I had and they were both reading my legal documents and privileged communications between me and my attorneys, my Private Investigators, my Mitigation Specialists, and they were reading through my discovery in my criminal case and privileged Attorney–Client communications in my Juvenile case regarding the interests of my two children, for over thirty minutes. From some distance in the recreation yard I could see Sergeants Cost and Munnell emptying my legal folders and envelopes and standing there reading my legal documents and sharing them with each other. My cell-mate and other detainees in the recreation yard were also witnesses to this incident. Sergeants Cost and Munnell also took some of my hand-written witness statements that I had transcribed and hand-written notes that I had taken regarding my criminal case, and they never gave them back to me. I allege that Sergeants A. Cost and J. Munnell have violated my Attorney–Client Privilege protected under the 1st Amendment to the U.S. Constitution by reading my privileged communications between me and my attorneys and other

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s). members of my criminal Defense.
   By unlawfully reading and infiltrating my protected Attorney–client communications, Sergeants A. Cost and J. Munnell have chilled my right to privately confer with my attorneys in my Juvenile case and in my criminal case, and other professionals whose communications with me are protected under the Attorney–client privilege. Sergeant Cost and Munnell's unconstitutional actions have made me reluctant to freely communicate with my attorneys and other professionals protected by the Attorney–client privilege.

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?   ☑ Yes   ☐ No
   b. Did you submit a request for administrative relief on Count II?   ☑ Yes   ☐ No
   c. Did you appeal your request for relief on Count II to the highest level?   ☑ Yes   ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

↳ Sergeants Cost and Munnell have also subjected me to further infiltration of my criminal case by unlawfully taking my hand-written notes and witness statement transcriptions and possibly making copies of them and sending them to the Maricopa County Attorney's office, or doing any other number of things with them.

(4)

**COUNT III**

1.  State the constitutional or other federal civil right that was violated: _1st Amendment to the Constitution of the United States_.

2.  **Count III.** Identify the issue involved. Check **only one**. State additional issues in separate counts.
    - ☐ Basic necessities
    - ☐ Mail
    - ☐ Access to the court
    - ☐ Medical care
    - ☐ Disciplinary proceedings
    - ☐ Property
    - ☐ Exercise of religion
    - ☐ Retaliation
    - ☐ Excessive force by an officer
    - ☐ Threat to safety
    - ☑ Other: _Violation of the Attorney-Client privilege._

    "_Campaign of Harassment_"

3.  **Supporting Facts.** State as briefly as possible the FACTS supporting Count III. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

    _Maricopa County Jail_

    _On July 18th 2017 (here in the Lower Buckeye Jail) I had a legal video visit scheduled to start with my Mitigation Specialist for twenty minutes at 8:00 p.m. My Mitigation Specialist is a member of my criminal Defense team, and the communications between her and I are protected under the Attorney-Client privilege. The detainees do not have clocks in our cells and there are no clocks that are visible from our cells, so we have to guess about what time it is or hope to get the time from a Detention officer who is willing to tell us what time it is. On this day I called the Detention officer in the tower over the intercom and I told him that I have a legal video visit at 8:00 p.m. He told me that it was 8:43 p.m. and that he "forgot" to call me for my visit. The Detention officer in the tower is responsible for making sure that the detainees get to their video visits on time. Unidentified Detention officer #1 caused me to miss my entire twenty minute legal video visit. I allege that Unidentified Detention officer #1 has impeded on my ability to have unfettered communications with a member of my criminal Defense team, in violation of the Attorney-Client privilege and the 1st Amendment to the U.S. Constitution. I allege that Maricopa County Sheriff Paul Penzone is personally liable in Count III because he is the policy maker, and his policy, custom or practice is the proximate cause of my constitutional injuries. Officers have failed to call me for my video visits many times here in this jail._

4.  **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
    _This deprivation of my legal video visit has chilled my right to have unfettered communications with my Mitigation Specialist; communications between her and I that are protected under the Attorney-Client privilege and the 1st Amendment. This was a prelude to numerous interferences of the communications between me and the members of my criminal Defense team._

5.  **Administrative Remedies.**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☑ Yes ☐ No
    b.  Did you submit a request for administrative relief on Count III? ☑ Yes ☐ No
    c.  Did you appeal your request for relief on Count III to the highest level? ☑ Yes ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

---

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

Case # 2:19-CV-04746-GMS--JZB

Count 4

II   The Constitutional or other Federal Civil right that
was violated : 1st Amendment to The Constitution of
The United States / Violation of the Attorney-Client
Privilege

2   Supporting Facts : I am a pretrial detainee here in the
Maricopa County Jail (Lower Buckeye Jail). I allege that my
privileged communications between me and my Attorneys,
my Mitigation Specialists, my Private Investigators, and
other professionals, are subject to perpetual compromise,
by a metal box mounted into the wall in the legal visitation
rooms, with a speaker, a microphone, and a button installed
in it. This metal box is installed in the legal visitation room in
the pod that I am in, and in all the other pods on this floor. The
metal box is located on the detainee's side of the gate in the legal
visitation room. The microphone installed inside the metal box can be
turned on at any time by a Detention officer or other jail staff in
the tower. This microphone could be turned on and used by jail staff,
a prosecutor, or a police Detective at any time to surreptitiously
listen in on, or record my protected communications between me and
my Attorneys and other members of my criminal Defense team in my
criminal case. This violates my civil Rights under the 1st Amendment. My
privileged legal visits with my Attorneys and others could have been
listened to and recorded over the last two years and eight months that I
have been in this jail. This box with the microphone in it, has chilled my
right to privately confer with, and to speak freely with my Attorneys and
other professionals protected under the Attorney-client privilege. I contend   5.1
that Sheriff Paul Penzone is personally liable because it is his policy, custom, or
practice to keep the boxes in the legal visit rooms that has caused my constitutional injuries.

please see
Nordstrom
v. Ryan, 762
F.3d 903
(2014), at
*911 "one
threat to the
effective
assistance
of counsel
posed by
government
interception
of attorney-
client comm-
unications
lies in the
inhibition of
free
exchanges
between
defendant and
counsel
because of
the fear of
being
overheard."

Injury
I contend
Maricopa
County is
liable for the
same reasons.

## E.   REQUEST FOR RELIEF

State the relief you are seeking:

✴ I respectfully request a Declaratory Judgment against each Defendant named in this complaint declaring that each Defendant has violated my Federally protected Constitutional rights. ✴ See pages 2 and 2.1 for damages requested. ✴ I am respectfully requesting this court to issue preliminary and permanent injunctions ordering Maricopa County Sheriff Paul Penzone, to remove all metal boxes with a microphone and a speaker installed in them, from all legal visitation rooms in any jail under the control of the Maricopa County Sheriff's office. I contend that I am realistically threatened by a repetition of this 1st Amendment violation (see Armstrong V. Davis, 275 F.3d 849,860-61 (9th cir.2001)).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___October 14th 2019___
                    DATE

_____
SIGNATURE OF PLAINTIFF

___N/A___
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)

___N/A___
(Signature of attorney, if any)

___N/A___
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages.   But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.

→ The Maricopa County Sheriff's office has demonstrated that it has no intention of removing the metal boxes with the microphoes and speakers in them from the legal visitation rooms. During the grievance process, Deputy Chief Leslie, stated "The speaker box you refer to is used for safety/security reasons and for communication between inmates and MCSO Staff." "You allege that MCSO staff could be listening to your privilege visit but there is nothing that supports your claim." "This grievance is without merit." This harm is part of a pattern of officially sanctioned behavior that violates my Federal rights (see LaDuke v.Nelson, 762 F.2d 1318, 1324(9th cir.1985).

⑥

Exhibit A



picture one

⑦

Exhibit A



Picture Two



775







Picture three

_____ Strickland Law, PLLC
_____ Phoenix, Arizona 85013

PHOENIX
AZ 852
03 JUL 17
PM

UNITED STATES POSTAGE
PITNEY BOWES

02 1P          $000.67
0000656215   JUL 06 2017
MAILED FROM ZIP CODE 85013



JUL 1 0 2017      LEGAL MAIL

LBJFT 21 A 21.2

Mr. Josiah English
Inmate #T337357
3250 West Lower Buckeye Road
Phoenix, Arizona 85009



85009-672950

*Exhibit B*

**Policy DK-1,** *Inmate Mail*                                   **Effective Date: 04-27-12**

G.    Criminal contraband will be properly impounded, ensuring that the chain of evidence is maintained. An *Incident Report* (IR) will be written, and the Jail Intelligence Division and the Jail Crimes Unit may be notified for further disposition, as appropriate.

2.    **Mail Distribution:** Incoming mail shall be delivered within 24 hours of receipt, excluding weekends and holidays, with the exception of mail that is held for violating the law or jail regulations. Jail personnel may retain such mail for a reasonable time.

A.    All incoming mail will be opened and inspected for contraband, but will not be censored. Legal mail will only be opened in the inmate's presence.

B.    Incoming mail addressed to an inmate located at another jail or agency will be forwarded to the inmate's current location. If a forwarding address is not available, mail will be returned to the sender. If a return address is not indicated, mail will be returned to the US Post Office.

C.    Mail addressed to an inmate released from custody will be returned to the sender. If a return address is not indicated, mail will be returned to the U.S. Post Office.

D.    Personnel will distribute mail only to the inmate who is to receive it. Inmates will not handle or distribute another inmate's mail.

E.    Incoming non-legal, registered or certified mail will be receipted and delivered to the inmate after inspection.

F.    Unless a jail commander pre-approves it, Office inmates shall not correspond with other Office inmates through the mail. Unauthorized mail addressed to an inmate that bears a return address of any Office jail shall be returned to the sender. Inmates who wish to correspond with immediate family members who are incarcerated in an Office jail may submit an *Inmate Request Form* to the jail commander. The request shall list the family member and the familial relationship of the individual with whom the inmate wishes to correspond.

1.    The jail commander or his designee shall verify the relationship of the requesting inmate and the intended recipient.

2.    If the two inmate family members are housed at different facilities, both jail commanders' approval to correspond is sufficient. A copy of the approved *Inmate Request Form* will be forwarded to all affected jails, the Central Mailroom and to the correspondents. A copy will also be placed in each inmate's facility file.

3.    Each jail will retain copies of currently approved *Inmate Request Forms* which affect the handling of mail at a jail. Copies must include the names and booking numbers of the immediate family members with whom each inmate is authorized to correspond.

4.    The jail commander of either facility or his designee may suspend correspondence privileges with other inmates for the following reasons:

a.    One or both inmates violated jail rules and regulations.

b.    The reason for the original approval no longer applies or determined erroneous or deceptive.

c.    The safety, security, or good order of the facility is jeopardized.

4

(10)

*Exhibit B*

**Policy DK-1, *Inmate Mail***　　　　　　　　　　　　　　　　　**Effective Date: 04-27-12**

　　　　　d.　　　The safety or well-being of any individual is jeopardized.

 *Correct postage*

　　　G.　　Inmates may correspond with inmates whose return address is an out-of-agency detention or correctional facility without jail commander authorization.

　　　H.　　Officers shall collect outgoing inmate mail during each shift. All mail must have a return address, correct postage, and in all other ways, comply with US Postal regulations before being delivered to a US Post Office.

3.　　**Outgoing Mail:** Outgoing, non-legal may be opened and inspected, but will not be censored. Outgoing, legal mail will be opened only in the presence of the inmate when clear and convincing evidence of a security breach establishes good cause.

4.　　**Volume of Mail:** There is no limitation on the volume of lawful mail, including letters, and publications, which an inmate may send or receive, or in the length, language, or text of the mail, except where there is clear and convincing evidence to justify the limitations for reasons of public safety or for the security and good order of the jail. Inmates who receive large volumes of mail shall keep their cells in a neat and orderly condition. Regarding any excessive mail or publications, an inmate shall either:

　　　A.　　Release the excessive mail or publications to his designee.

　　　B.　　With prior approval of the shift commander or higher authority, forward it to the Property Division, where the excessive mail or publications will be held as safekeeping for a maximum of 90 days.

5.　　**Authorized Reading of Inmate Mail:**

　　　A.　　A Jail Intelligence investigator or supervisor may read non-legal inmate mail without a search warrant when one or more of the following conditions apply:

　　　　　1.　　The recipient of correspondence from an inmate files a complaint.

　　　　　2.　　Incoming or outgoing correspondence displays gang related paraphernalia or drawings.

　　　　　3.　　An inmate's current or past behavior indicates he is communicating any of the following:

　　　　　　　a.　　Information that would cause violence or physical harm to a person.

　　　　　　　b.　　Threats of blackmail or extortion.

　　　　　　　c.　　Plans for sending or receiving contraband.

　　　　　　　d.　　Plans of escape, or assisting an escape from lawful custody.

*"search warrant required"*　　　　　e.　　Plans or plots to disrupt the operational order or security of the jail.

　　　　　　　f.　　Plans for illegal activities

　　　B.　　Personnel may only read an inmate's legal mail after obtaining a search warrant. Personnel shall place a copy of the warrant in the inmate's Custody or Facility File.

　　　C.　　Personnel will document the reading of legal and non-legal mail and the termination of a publication subscription in the Operations Journal. Details shall include, but not be limited to, the following:



　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　5



Clerk of the Superior Court
*** Electronically Filed ***
03/11/2019 8:00 AM

## SUPERIOR COURT OF ARIZONA
## MARICOPA COUNTY

CR2016-148530-002 DT                                    03/08/2019


                                                    CLERK OF THE COURT
HONORABLE DANIELLE J. VIOLA                              M. Iniguez
                                                          Deputy


STATE OF ARIZONA                        BLAINE DAVID GADOW
                                        SCOTT WAYNE BLAKE
                                        JOSEPH I VIGIL
                                        MAXINE S MAK

v.

THOMAS ORVILLE BASTIAN (002)            THOMAS ORVILLE BASTIAN
                                        T315283
                                        MCSO - INMATE MAIL -  00000
                                        STEPHEN M JOHNSON
                                        VICTORIA ELISABETH WASHINGTON

                                        INMATE LEGAL SERVICES
                                        JUDGE VIOLA
                                        VICTIM WITNESS DIV-AG-CCC



### UNDER ADVISEMENT RULING
### DEFENDANT'S MOTION TO DISMISS RE LEGAL
### MAIL – GRANTED IN PART

     The Court has reviewed and considered the Motion to Dismiss and related filings[1] along with the testimony and evidence presented during the four-day evidentiary hearing held on November 30, 2018, December 20, 2018, February 1, 2019 and February 11, 2019. The Court has further considered the arguments of the parties presented on Monday, February 11, 2019. Upon consideration of the totality of the information presented, the Court concludes that MSCO has repeatedly interfered with Defendant's right to counsel by interfering with, opening, tampering with, copying, and reading Defendant's legal mail. MCSO has failed in its obligation to uphold the guarantees provided under the First and Sixth Amendments of the United States Constitution

---

[1] *See* list of filings considered at the conclusion of the ruling.

Docket Code 926                      Form R000A                         Page 1



SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CR2016-148530-002 DT                                         03/08/2019

as it relates to Defendant.  MCSO's conduct has prejudiced the Defendant to the extent that the deliberate actions of MCSO (in particular the jail intelligence unit) have made it untenable for Defendant to communicate with his counsel via legal mail without fear that the mail is either being read, shared, tampered with, or otherwise maintained for later use by MCSO.

    The Maricopa County Sheriff's Office (MCSO) is sworn to uphold the nation's law in its entirety, including the Sixth Amendment, regardless of circumstance or person. *State v. Pecard*, 196 Ariz. 371, 381 (App. 1999).  In this case, MCSO's intentional and repeated interference with Defendant's Bastian's legal mail over an extended period of time resulted in a violation of Defendant's constitutional rights and prejudice to Defendant Bastian.

### Defendant Alleges That His First, Sixth, And Fourteenth Amendment Rights Were Violated

    The Sixth Amendment and Article 2, Section 24 of the Arizona Constitution guarantee criminal defendants the right to counsel.  *State v. Warner*, 722 P.2d 291, 295 (1986).  Effective representation is not possible unless the defendant is able to confer in private with his attorney. *See State v. Holland*, 711 P.2d 592, 594 (1985); *see also* Ariz. R. Crim. P. 6.1(a) ("The right to be represented shall include the right to consult privately with counsel . . . to sufficiently prepare for the proceeding.").  As the Arizona Supreme Court explained in *Warner*, "if an accused is to derive the full benefits of his right to counsel, he must have the assurance of confidentiality and privacy of communication with his attorney.  *Warner*, 722 P.2d at 295.  As explained in Warner, a "defendant's right to counsel includes the protection against improper intrusions by the prosecutor or other government agents into the confidential relationship between a defendant and his attorney . . . This right must be carefully guarded by the courts of this state." *Id.* (citation omitted).  A Defendant's Sixth Amendment right may be violated if the State acquires privileged defense related communications but the more fundamental question is whether Defendant's access to counsel was interfered with.  Additionally, a Sixth Amendment violation may occur when the jail opens or reads an inmate's legal mail outside of the inmate's presence. *See Wolff v. McDonnell*, 418 U.S. 539 (1974); *Mangiaracina v. Penzone*, 849 F.3d 1191 (9th Cir. 2017); *Nordstrom v. Ryan*, 762 F.3d 903 (9th Cir. 2014); *State v. Pecard*, 196 Ariz. 371 (1999); *State v. Warner*, 150 Ariz. 123 (1986).  Additionally, the First Amendment protects the Defendant's right to have legal mail opened in his presence.  *See Hayes v. Idaho Correctional Center*, 849 F.3d 1204 (9th Cir. March 3, 2017).

### The Evidence Supports a Finding that Defendant's Constitutional Rights Were Violated as a Result of MCSO Conduct

13



SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CR2016-148530-002 DT                                              03/08/2019

further finds no credibility to the external referee process to the extent Mr. Bailey's conduct is
reflective of the other external referees. As Mr. Bailey expressly told the Court, "if jail intel tells
me they follow policy . . . that is good enough for me." Bailey Testimony, February 1, 2019 at
11:26 a.m. While jail intel's word may be good enough for Mr. Bailey, it is not good enough for
the Court.

**At Least 17 Pieces of Defendant's Incoming
Legal Mail Were Opened Outside His Presence[4]**

The Court considered the testimony of the MCSO employees who testified during the
evidentiary hearing. The Court found the testimony of Officers Roberts, Avery, Nelson, Escobido,
and Aguirre to be credible and consistent with other evidence presented during the hearing. Based
on the testimony, the Court concludes as follows:

- Detention Officer Roberts delivered legal mail to Defendant at least eight times after
  such mail was opened outside of Defendant's presence.
- Detention Officer Avery delivered legal mail to Defendant 2 or 3 times after such mail
  was opened outside of Defendant's presence.
- Detention Officer Nelson delivered legal mail to Defendant at least 2 times after such
  mail was opened outside of Defendant's presence.
- Detention Officer Escobido documented at least one piece of legal mail that was
  delivered to Defendant after it had been opened and taped shut outside of his presence.
- Detention Officer Aguirre delivered legal mail to Defendant at least 3 times after such
  mail was opened outside of Defendant's presence.
- Various versions of a mail protocol were implemented by MCSO in an attempt to
  address Defendant's complaints about legal mail. Regardless of which protocol was in
  effect, the written protocol was inconsistent with what actually happened. *See* Exhibit
  8. For example, although the "protocol" was set forth in writing, MCSO employees
  were directed to deliver all outgoing mail directly to jail intelligence. The written
  protocol – and the protocol submitted to the Court by MCSO at the Court's request –
  did not contain any reference to providing Defendant's mail directly to jail intelligence.
  The written protocol also did not set forth that all outgoing legal mail whether sealed
  or unsealed would go to jail intelligence before going to ILS. The unwritten protocol

---

[4] *See* Exhibit 19.
Docket Code 926                           Form R000A                              Page 7





## SUPERIOR COURT OF ARIZONA
## MARICOPA COUNTY

CR2016-148530-002 DT                                      03/08/2019

for a period of time was that all of Defendant's mail, including unsealed legal mail would be delivered directly to jail intelligence.

- Sgt. Shamrock and Sgt. Wright testified that if their superior tells them to do something, they just do it.
- During the time that Defendant's outgoing legal mail was hand-delivered to jail intelligence, the mail intended for ILS was not separated or otherwise secured.
- For a period of time, MCSO officers were directed to bring Defendant's outgoing legal mail, including ILS mail to the 4th floor supervisors where it would be opened outside Defendant's presence. Shamrock Testimony, November 30, 2018 at 3:55-4:00 p.m.
- Officer Yu observed Sgt. Snyder open an unsealed piece of Defendant's legal mail outside of Defendant's presence. Yu Testimony, November 30, 2018 at 4:12:45-50 p.m. Officer Yu and others were directed during a briefing to bring Mr. Bastian's sealed ILS legal mail to a supervisor so that it could be opened and pages counted outside of Defendant's presence. Yu Testimony, November 30, 2018 at 4:15 p.m.
- The officers were not directed to bring any other inmate's mail to the supervisors for them to open outside of the inmate's presence. According to Sgt. Shamrock, he has never done this with any other inmate in 20 years.

### At Least Six Pieces of Defendant's Outgoing Legal Mail Were Never Delivered to ILS or Otherwise Located

- ILS employee Callaghan confirmed that there were four pieces of Defendant's legal mail (three pieces to Diego Rodriguez and one to investigator Yentez) that never arrived to ILS and they were never located. Callaghan further confirmed that she was told to notify jail intelligence if Defendant sends material to ILS and she did so on several occasions. On at least one occasion, jail intelligence left the ILS office with two pieces of incoming witness mail letters.
- ILS employee Maniscalco received at least two ILS forms without the attached documents to be sent to Attorney Johnson.
- Defendant sent six pieces of sealed legal mail to attorneys and his investigator but they never arrived in ILS.

### Defendant's Witness Mail Was Forwarded to
### Jail Intelligence and Opened Before Being Mailed

