ASH

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Josiah English, III | No. CV-19-04746-PHX-GMS |
| Plaintiff, | |
| v. | **ORDER** |
| Alexander Cost, et al., | |
| Defendants. | |

On July 17, 2019, Plaintiff Josiah English, III, who is currently confined in the Arizona State Prison Complex-Winslow, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983, and paid the filing fee. After the Complaint was dismissed with leave to amend for failure to state a claim, Plaintiff filed the operative First Amended Complaint on October 16, 2019. (Doc. 8). By Order dated November 27, 2019 (Doc. 10), the Court dismissed Counts One, Three, and Four without prejudice, and directed Defendants Cost and Munnell to answer Count Two. However, because Count Two related to Plaintiff's then-ongoing state criminal proceedings, the Court stayed this matter until those proceedings were resolved. After those proceedings were concluded, the Court lifted the stay of this matter on August 18, 2023 (Doc. 47), Defendants answered the First Amended Complaint (Doc. 48), and the parties engaged in discovery. On December 4, 2023, Plaintiff filed a Motion to Amend his First Amended Complaint. On January 29, 2024, the Motion was denied without prejudice for failure to comply with Rule 15 of the Federal Rules of Procedure, and Plaintiff was provided an additional opportunity to file an amended

complaint that properly complied with Rule 15. (Doc. 60). Plaintiff failed to do so. Instead, some 4 months later, and almost 5 years after he first initiated this action, Plaintiff has filed a Motion for Reconsideration of the Court's November 27, 2019 Order, seeking therein to have Count Four reinstated. (Doc. 70).

As an initial matter, a motion for reconsideration must be filed "no later than fourteen (14) days after the date of the filing of the Order that is the subject of the motion." LRCiv. 7.2(g)(2). Plaintiff's Motion for Reconsideration is untimely by more than four years, and can be denied on this basis alone.

Further, motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). A motion for reconsideration is appropriate where the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Nor may a motion for reconsideration repeat any argument previously made in support of or in opposition to a motion. *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003).

The Court has reviewed the Motion for Reconsideration, its November 27, 2019 Order, and the First Amended Complaint, and finds no basis to reconsider its prior order. Plaintiff argues that the Court improperly dismissed Count Four—which related to the placement of a "metal box" in the visitation room that Plaintiff speculated could be used by jail officials to "surreptitiously listen" to Plaintiff's conversations with his attorneys—because it concluded that Plaintiff had failed to direct his allegations against any named Defendant; Plaintiff asserts that he in fact directed it against Defendants Penzone and

1  Maricopa County, pointing to language in the "Injury" section of that Count, and scrawled
2  handwriting in the margin stating that "Maricopa County is liable for the same reasons."
3  (*See* Doc. 8 at 12).  Even if the Court were to entertain this language as directing Plaintiff's
4  claims against Defendants Penzone and Maricopa County, they fail to state a claim against
5  these Defendants.  Plaintiff alleges no facts to support that Defendant Penzone was aware
6  of the box or that it was used in the manner Plaintiff describes, or that the box was placed
7  in the visitation room pursuant to any policy, practice, or custom of Maricopa County.
8  Plaintiff's allegations in Count Four are purely speculative and conclusory.  Although pro
9  se pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972),
10 conclusory and vague allegations will not support a cause of action.  *Ivey v. Bd. of Regents*,
11 673 F.2d 266, 268 (9th Cir. 1982).  Further, a liberal interpretation of a civil rights
12 complaint may not supply essential elements of the claim that were not initially pled.  *Id.*
13       Accordingly, the Court finds no basis to reconsider its November 27, 2019 Order,
14 and Plaintiff's Motion will be denied.
15       **IT IS ORDERED:**
16       (1)    Plaintiff's Motion for Reconsideration (Doc. 70) is **denied**.
17       Dated this 4th day of June, 2024.

*[Signature]*
G. Murray Snow
Chief United States District Judge